Fernando Caso, demandante-apelado-apelante, *v.* El Municipio de Vega Baja, demandado-apelante-apelado.

No. 4407.—*Sometido:* Junio 24, 1929. *Resuelto:* Enero 22, 1930.

*L. Muñoz Morales*, abogado del demandado-apelante; *R. Rivera Zayas*, abogado del demandante-apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En 21 de abril de 1922 el municipio de Vega Baja pasó una ordenanza que posteriormente fué aprobada por el Consejo Ejecutivo de Puerto Rico, que comprendía, entre otras cosas, la construcción de una casa alcaldía.

Se celebró una subasta y el postor victorioso fué el aquí demandante, Fernando Caso. Se redactó un convenio que seguía las líneas generales de tales contratos en el sentido de que debían regirse por las condiciones puestas en vigor por el Departamento del Interior; que se haría la construcción bajo la superintendencia del Comisionado del Interior, y que la misma debía ser aprobada por dicho funcionario y por un representante del ejecutivo municipal. La casa alcaldía fué terminada, entregada por el contratista Sr. Caso y aceptada por el municipio y por el Comisionado del Interior en enero de 1925.

A dicho contratista se le había pagado en parte antes de presentar sus cuentas finales. Estas fueron aprobadas por

el Comisionado del Interior y por el municipio de Vega Baja, con excepción de ciertas partidas ascendentes a $3,836.25 que son objeto de esta apelación. La suma reclamada finalmente por Caso, a saber, $14,670.60, o sea, la diferencia entre la suma protestada y la cantidad que se alegaba adeudarse, fué pagada en corte abierta y aceptada por el demandante como pago parcial.

El 2 de marzo de 1925 el alcalde de Vega Baja escribió una carta en la cual protestaba de ciertos precios y de cierto trabajo hecho por el contratista por no estar incluído dentro de los términos del contrato original. Estas objeciones caen bajo dos acápites: una por trabajo que excedía del 20 por ciento de los precios del contrato, y otra por trabajo extra no incluído en dicho contrato. En ambos casos el alcalde sostenía que no se había obtenido el consentimiento del municipio de conformidad con los términos del contrato.

La Corte de Distrito de San Juan revisó todos los hechos y resolvió en efecto que el municipio, al aceptar provisionalmente el trabajo en septiembre de 1924, con su aceptación final en 1925, había renunciado a todas las objeciones a las cuentas. El apelante presenta dos señalamientos de error. El primero de ellos dice así:

"Cometió error al interpretar en la forma que interpretó la sección 11 de la ordenanza aprobada por el municipio de Vega Baja en 11 de abril de 1922."

Esa sección dice así:

"Que todas las mejoras públicas cuyo costo ha de ser pagado total o parcialmente del producto de este empréstito serán construídas de acuerdo con los planos y especificaciones aprobadas por el Consejo de Administración de Vega Baja, Puerto Rico, y por el Comisionado del Interior. Todos los contratos para las referidas obras serán hechos en representación y a nombre del Municipio de Vega Baja, Puerto Rico, por el Comisionado Municipal de Servicio Público, Policía y Prisiones con la aprobación del Consejo de Administración y del Comisionado del Interior, el cual inspeccionará la construcción de dichas obras."

En su argumentación de este señalamiento de error el apelante en gran parte trata de la cuestión de los precios cargados por ciertos trabajos convenidos, precios para los cuales el contratista no obtuvo el consentimiento del municipio, pero en ninguna parte del alegato nos demuestra el apelante que la corte inferior cometiera error en su interpretación del contrato. Por el contrario, la corte, conforme hemos dicho, basó su decisión en la cuestión de renuncia y no interpretó el contrato celebrado por las partes. Por tanto, el apelante, bajo este señalamiento de error no abarca la cuestión de precios en exceso de que el alcalde se había quejado. Nos referiremos nuevamente a este asunto después de resolver el segundo señalamiento de error.

Este dice así:

"Cometió error al interpretar y aplicar en la forma que interpretó la cláusula 27 del pliego de condiciones generales que forma parte del contrato entre el contratista demandante y el municipio demandado."

La sección 27 lee como sigue:

"No se admitirá reclamación alguna por trabajos no previstos en el contrato a menos que dichos trabajos hayan sido previamente ordenados por el Inspector con la aprobación del Comisionado de Servicio Público y se haya llegado a un acuerdo entre el comisionado y el contratista acerca de los precios que han de regir en el pago de dichos trabajos adicionales y dichos precios hayan sido aprobados en debida forma."

La teoría del apelante una vez más es que el contratista hizo trabajo extra sin obtener el consentimiento del municipio para hacerlo.

El apelado contesta diciendo que el contratista no hizo trabajo extra a este respecto, sino que el trabajo hecho por él se tuvo en mente necesariamente al celebrarse el contrato. La naturaleza específica del trabajo a hacer era la inclusión de herrajes para puertas y ventanas y algo similar. Se arguye que las partes debieron haber tenido en mente que

las puertas y ventanas debían requerir herrajes, y que por tanto, el contrato comprendía tal idea; y que las partes necesariamente previeron que el contratista pusiera los herrajes, y que el municipio se hubiera opuesto seriamente a que el contratista pusiera puertas y ventanas sin herrajes. No hallamos que la teoría del apelado sea errónea, pero a este respecto debe sostenerse la sentencia de la corte inferior, precisamente sobre la teoría en que ella se funda, a saber, la de que hubo renuncia.

Necesariamente, aun si estos herrajes deban considerarse como trabajo extra no incluído en el contrato, el municipio y sus funcionarios estaban obligados a saber que el trabajo se había hecho a pesar de que no estaba incluído en el contrato original, y cuando aceptaron la casa alcaldía con estos herrajes y otras cosas similares, renunciaron definitivamente a cualquier objeción al supuesto trabajo extra así hecho. Debe notarse, sin embargo, que el apelante una vez más en su señalamiento de error no cubre la actuación de la corte inferior, toda vez que esa corte basó su decisión en la cuestión de renuncia.

Volviendo ahora al primer señalamiento de error, pudiera ser que con el mismo el apelante tratara de levantar la cuestión de precios en exceso, para los cuales no se obtuvo el consentimiento del municipio. En su discusión del primer señalamiento de error el apelado no trata este punto, pero bajo el segundo señalamiento de error dice que el municipio, por mediación de su alcalde, solamente se opuso a ciertos precios en exceso y que había aceptado otro trabajo sin protesta alguna. En otras palabras, todo el trabajo fué hecho bajo la inspección del arquitecto público, Sr. Carmoega, y se obtuvo su consentimiento en cada caso en que había precios en exceso, según proveía la sección 11 de la ordenanza. Lo único que el contratista no hizo fué obtener formalmente, o, podríamos decir, técnicamente, el consentimiento del municipio.

Ni en la carta del alcalde ni en las investigaciones ni actuaciones del Comisionado del Interior hallamos indicación alguna de que dichos precios en exceso fueron extravagantes o que no debían pagarse. Este es un caso claro en que debió pagársele al contratista y en que el municipio no debió haber presentado objeción alguna.

Sea ello como fuere, encontramos que el municipio en el curso de este trabajo hizo pagos parciales en que los precios habían sido alterados por el arquitecto y que también aceptó otro trabajo en que los precios fueron elevados sin hacer protesta alguna.

Convenimos con el apelante en que en un caso general en que el municipio ha aceptado el trabajo de un contratista, el municipio no estaría impedido de objetar precios que fueron en exceso de los convenidos en el contrato original. Empero, aquí todos los funcionarios públicos adoptaron una regla de conducta hacia el contratista, a virtud de la cual ellos están en equidad y en conciencia impedidos de oponerse a los cargos hechos.

A veces, cuando los señalamientos de error no son suficientemente específicos, hemos entrado en los méritos del caso y ayudado al apelante si su caso es meritorio. En el presente recurso de apelación, aun si tuviéramos duda de algunas de las consideraciones anteriores, nos sentiríamos obligados a confirmar la sentencia de la corte inferior, ya que ésta se basa en la cuestión de renuncia y el apelante no hace un señalamiento de error suficiente en relación con la supuesta renuncia.

No hemos pasado por alto el hecho de que el apelado sostuvo en la corte inferior y ante este tribunal que el aumento en precios estaba cubierto por ciertas reglas del Departamento del Interior. El apelante replica a esto que aun bajo esas reglas el consentimiento del municipio era necesario, y, además, que tales reglas sólo comprenden modificaciones y alteraciones y no aumentos en precios. Tal vez

en la práctica, las partes consideraron que aumentos en materiales o en el trabajo participaban de la naturaleza de alteraciones y modificaciones, pero, de todos modos, no hemos creído necesario basar nuestra confirmación en el fundamento sugerido por el apelado.

*Debe confirmarse la sentencia apelada.*